*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

JUL 1 4 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P.,<br><br>             Debtor.<br><hr><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>             Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE,<br><br>             Defendant. | Case No. 09-29162-D-11<br><br>Adv. Pro. No. 10-2117-D<br><br>Docket Control No. USA-1<br><br><br>DATE: July 7, 2010<br>Time: 10:00 a.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

On May 5, 2010, the United States, on behalf of named defendant the Internal Revenue Service ("IRS"), filed a motion to dismiss the complaint in this adversary proceeding, pursuant to Fed. R. Civ. P. 12(b)(1), incorporated herein by Fed. R. Bankr. P. 7012. For the reasons set forth below, the court will grant the motion in part.

### I. INTRODUCTION

By way of his complaint, the trustee in this chapter 11

case, Bradley D. Sharp (the "trustee"),[1] seeks to recover substantial sums allegedly paid by debtors SK Foods, L.P., and RHM Industrial Specialty Foods, Inc., to the Internal Revenue Service at the direction of Scott Salyer on account of Salyer's and his daughters' federal income tax liabilities, for which the debtors had no liability.

The trustee alleges that SK Foods paid a total of $2,328,000 and RHM a total of $393,000 during the two-year reach-back period of 11 U.S.C. § 548 and totals of $4,828,000 (SK Foods) and $393,000 (RHM) during the four-year reach-back period of Cal. Civ. Code § 3439.05. Thus, in Counts I and III, the trustee seeks to recover the sums paid during the two-year period (Count I as to the payments made by SK Foods and Count III as to those made by RHM). And in Counts II and IV, the trustee seeks recovery of the total amounts paid during the four-year period (Count II as to SK Foods and Count IV as to RHM).

## II. ANALYSIS

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

### A. Standards for Dismissal under Rule 12(b)(6)

The United States Supreme Court has recently adopted a "plausibility" standard for assessing Rule 12(b)(6) motions, analyzing the complaint before it in terms of whether it contained enough factual allegations, taken as true, to plausibly

---

1. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

suggest that the plaintiff was entitled to relief. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 945 (2007). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The Court did not disturb its earlier pronouncement in <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 94 S. Ct. 1683 (1974), that on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." 416 U.S. at 236. Thus, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1965, quoting and characterizing <u>Scheuer v. Rhodes</u>, 416 U.S. at 236.

B. <u>Counts II and IV</u>

The IRS raises a sovereign immunity defense to the trustee's Counts II and IV.[2] The IRS contends these counts must be dismissed because the United States has not waived sovereign immunity for claims brought under § 544 and the California Uniform Fraudulent Transfer Act, Cal. Civ. Code § 3439, et seq. ("CUFTA"), seeking a refund of taxes voluntarily paid.

Section 544(b)(1) authorizes a trustee to avoid any transfer of an interest of the debtor in property that is voidable under applicable law by an unsecured creditor of the debtor. The IRS acknowledges that Congress has abrogated sovereign immunity with

---

2. The IRS makes no similar argument with respect to Counts I and III because those counts are brought solely under § 548, as to which Congress has expressly abrogated sovereign immunity. § 106(a)(1).

- 3 -

respect to § 544 (§ 106(a)(1)), but contends that California law does not permit an unsecured creditor to bring a fraudulent transfer action against a taxing authority to recover tax payments voluntarily made, and therefore, that the transfers in question here are not voidable by the trustee under § 544(b)(1). The IRS emphasizes that § 106(a)(1) does not create any substantive claim for relief or cause of action not otherwise existing under the Code, the Rules, or nonbankruptcy law. § 106(a)(5).

### 1. Sovereign Immunity

The IRS frames the sovereign immunity question as follows:

> There is no waiver of sovereign immunity allowing creditors to bring CUFTA actions against the United States. Accordingly, there is no unsecured creditor who could have brought a CUFTA action against the United States to avoid the transfers to the IRS, and thus, the Trustee has no cause of action under § 544(b)(1) to avoid the transfers.

United States' Motion to Dismiss, filed May 5, 2010 ("Motion"), 7:14-18.

In other words, Congress' abrogation of sovereign immunity as to § 544 is only one part of the equation; according to the IRS, there must also be a waiver or abrogation of sovereign immunity with respect to the particular "applicable law" under which a bankruptcy trustee is asserting the rights of an unsecured creditor, under § 544(b)(1). However, neither the California legislature nor any state would have authority to abrogate the sovereign immunity of the United States as a defense to a creditor claim under the state's version of the Uniform Fraudulent Transfer Act or otherwise. Thus, the IRS' argument would apparently render meaningless Congress' abrogation of

sovereign immunity as to § 544.

The court agrees with <u>Liebersohn v. IRS (In re C.F. Foods, L.P.)</u>, 265 B.R. 71 (Bankr. E.D. Pa. 2001), that by way of § 106(a)(1), Congress intended to abrogate sovereign immunity with respect to fraudulent transfer actions, both federal and state. Otherwise, there would have been no reason to include § 544 in § 106(a)(1).

In <u>C.F. Foods</u>, the court allowed a bankruptcy trustee's claim to avoid pre-petition payments to the IRS under § 544(b) and the Pennsylvania Uniform Fraudulent Transfer Act.

> By including § 544 in the list of Bankruptcy Code sections set forth in § 106(a), Congress knowingly included state law causes of action within the category of suits to which a sovereign immunity defense could no longer be asserted. Section 544, together with its predecessor section in the Bankruptcy Act (§ 70e), have long had the primary effect of granting the trustee the power to avoid transfers under state law provisions concerning fraudulent transfers. See 3 NORTON BANKR. L. & PRAC. 2d § 54:6 (1997).

265 B.R. at 85.

> Accordingly, in light of the unambiguous language of § 106, as supported by the legislative history; the specific inclusion of § 544 in § 106(a); the precedent for Congress providing a trustee with rights that are greater than those possessed by the unsecured creditor upon whom a § 544(b) claim is based; and the policy reasons favoring recovery for the benefit of all creditors, the IRS's sovereign immunity argument must fail.

<u>Id.</u> at 86.

2. <u>The Voluntary Payment Doctrine</u>

The court agrees with the trustee that the voluntary payment argument misses the mark. First, the cases cited by the IRS concern the voluntary payment of taxes collected erroneously or illegally by the taxing agency, not the voluntary payment of

legitimately owed income taxes.  In <u>Southern Service Co. v. County of Los Angeles</u>, 15 Cal. 2d 1 (1940), the court stated:

> It is the settled law of this state that <u>illegal</u> taxes voluntarily paid may not be recovered by the taxpayer in the absence of a statute permitting a refund thereof; and in the absence of such statute only illegal taxes paid under duress, coercion or compulsion are considered to have been involuntarily paid and therefore recoverable.

15 Cal. 2d at 7 (emphasis added).

In that case, the court was considering § 3804.1 of the California Political Code which precluded refunds of voluntary payments of taxes "claimed to be erroneous or illegal, by reason of errors, omission or illegalities" in the budgets or tax rates of governmental units.  The case does not govern claims for refunds of income taxes voluntarily paid.

Citing the voluntary payment rule – that there must be a statute specifically permitting a refund of such payments – the IRS argues that "CUFTA is not such a statute."

> CUFTA is a general provision for the avoidance of fraudulent conveyances, and it does not purport to establish a cause of action against a governmental taxing authority for the refund of taxes that were voluntarily paid.

Motion, at 5:9-11.

The IRS cites <u>United States v. Field (In re Abatement Envtl. Res., Inc.)</u>, 301 B.R. 830 (D. Md. 2003), in which the court, on facts similar to those presented here, concluded that, in enacting Maryland's version of the Uniform Fraudulent Transfer Act, the Maryland legislature did not "creat[e] (or intend[] to create) a statutory exception to the voluntary payment doctrine, . . . ."  301 B.R. at 834.

/ / /

> Of course, the Maryland General Assembly is without power to authorize a refund of federal taxes, but the point here is simply to observe that where it has power to treat a payment of taxes as a fraudulent conveyance (and thereby vitiate the voluntary payment doctrine), it has not elected to exercise that power.

Id. at 834-35.

This court believes, to the contrary, that it was not necessary for the California legislature to designate a particular type of payment as falling within CUFTA in order to make such a payment recoverable as a fraudulent transfer. CUFTA provides in broad terms for the recovery by third parties of transfers made by a debtor, defining "transfer" to include "every mode . . . , voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, . . . ." Cal. Civ. Code § 3439(i). The legislature expressly created defenses to a fraudulent transfer claim, Cal. Civ. Code § 3439.08; the voluntary payment rule is not among them. However, among the defenses, "[a] transfer or an obligation is not voidable under paragraph (1) of subdivision (a) of Section 3439.04 [actual fraud] against a <u>person</u> who took in good faith and for a reasonably equivalent value . . . ." § 3439.08(a) (emphasis added). "Person" is defined to include a "government or governmental subdivision or agency." § 3439(g).

Given these definitions, the court sees no reason to conclude that the legislature did not intend tax payments, even if made voluntarily by the taxpayer, to be recoverable by third party creditors if they meet the requirements of CUFTA. In other words, in pursuing the present claims against the IRS, the trustee is not standing in the shoes of the debtors, as

Case 10-02117   Filed 07/14/10   Doc 23

taxpayers, seeking to recover tax refunds, but rather, in the shoes of a creditor seeking to recover property fraudulently transferred, within the meaning of CUFTA, or the value of such property.

Suppose that instead of money, one of the debtors had transferred a parcel of real property to the IRS for no consideration. This court would reject any suggestion that an action by a creditor to recover the property would be an action for the recovery of a tax refund, subject to the voluntary payment rule. The court sees no reason to construe an action to recover a transfer of money differently from an action to recover a transfer of real property. Simply put, the trustee's claim under CUFTA is an independent cause of action and not a claim seeking a tax refund.

For these reasons, the court will deny the motion as to Counts II and IV.

C.  Counts I and III

The IRS contends that the trustee's Counts I and III allege fraud with insufficient particularity to meet the standards of Bell Atl. Corp., supra, and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Although this issue is a close call, in light of the trustee's acknowledgment at the hearing that he will in all likelihood seek to file an amended complaint in any event, the court concludes that the parties and the court would be well served by greater specificity in the complaint. Accordingly, the court will grant the motion as to Counts I and III with leave to amend.

/ / /

### III. CONCLUSION

For the reasons set forth above, the motion will be denied insofar as it pertains to Counts II and IV of the complaint and granted insofar as it pertains to Counts I and III, with leave to amend.

The court will issue an appropriate order.

Dated: July 14, 2010

ROBERT S. BARDWIL
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, caused to be mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the U.S. Trustee
501 I Street, Room 7-500
Sacramento, CA 95814

Gregory Nuti
Schnader Harrison Segal & Lewis
One Montgomery Street, Suite 2200
San Francisco, CA 94104- 5501

SK Foods, L.P.
c/o Bradley Sharp
333 S. Grand Ave., #4070
Los Angeles, CA 90071

Richard Lapping
Winston & Strawn
101 California Street, #3900
San Francisco, CA 94111

Dale Ginter
Downey Brand
621 Capitol Mall, 18th Floor
Sacramento, CA 95814

Marc Levinson
Orrick, Herrington & Sutcliffe
400 Capitol Mall
Sacramento, CA 95814

James Spiotto
Chapman & Cutler
111 West Monroe Street
Chicago, IL 60603

Caroline Newman
Trial Attorney, Tax Division
U.S. Dept. Of Justice
P.O. Box 683 Ben Franklin Station
Washington, DC 20044

Benjamin Wagner
United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814

DATE: July 14, 2010

_____
Deputy Clerk